UNITED STATES DISTRICTCOURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | C.A. No. 00-35L |
| | : | |
| FAIRWAY CAPITAL CORPORATION | : | |

**TRUSTEE'S MOTION**
**TO LIFT THE JUDICIAL STAY**

Now comes Joseph M. DiOrio, Chapter 7 Trustee (the "Trustee"), the duly appointed Chapter 7 Trustee of Arnold Kilberg (the "Debtor"), in that proceeding identified as Case No. 04-10632-ANV, pending before in the United States Bankruptcy Court for the District of Rhode Island and hereby moves this Court to lift the judicial stay imposed by this Court's Order entered on March 13, 2000, (the "Receivership Order") for a limited purpose. The Trustee requests that this stay be lifted for the limited purpose of allowing the Trustee to commence proceedings to compel Joseph Ferrucci, (the "Receiver"), the state-appointed receiver of Hamlet Properties, LLC ("Hamlet"), Rosedale Properties, LLC ("Rosedale") and Governor Financial Center, LLC ("Governor Financial") to pay real estate taxes in relation to Units 8 and 9 of the Washington Condominium (collectively known as "the Units") owned by Hamlet. The Units are subject to the so-called Anjoorian Settlement Agreement (the "Settlement Agreement") among Hamlet, Rosedale, Governor Financial, Arnold Kilberg and others dated November 18, 2002. The Settlement Agreement resolves the claims of Paul Anjoorian against Arnold Kilberg and his related entities.

Pursuant to the authorization of the U.S. Bankruptcy Court and the Rhode Island Superior Court, the Settlement Agreement has been consummated. The Units, as required by the Settlement Agreement, were to be delivered free and clear of all liens including real estate tax liens. The Receiver, at closing, did not have any funds to pay the real estate taxes, which approximated $30,000. The Trustee has escrowed $30,000 of funds due and, owing to him under the Settlement Agreement for a period of thirty days to facilitate the delivery of the deeds to the Units and the consummation of the Settlement Agreement.

The Receiver requested and received permission form the Rhode Island Superior Court to consummate the Settlement Agreement. It is the Receiver's duty to deliver the Units free and clear of liens. Consequently the Trustee respectfully requests permission to file the attached Motion with the Rhode Island Superior Court, seeking to compel the Receiver to pay the real estate taxes or to seek contribution from the alter-ego estates of Rosedale and Governor Financial to pay such taxes. The consummation of the Settlement Agreement has yielded substantial benefits to the Hamlet, Rosedale and Governor Financial state court receivership estates as well as the Kilberg Bankruptcy Estate. Those benefits are identified and addressed in the Memorandum of Law filed hereinafter and the Motion to Compel, a copy of which is attached hereto as **Exhibit A.**

Respectfully submitted,

JOSEPH M. DIORIO,
Chapter 7 Trustee of Arnold Kilberg

Joseph M. DiOrio (#2616)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
Tel: (401) 632-0911
Fax: (401) 632-0751

Dated: June 8, 2005

UNITED STATES DISTRICTCOURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | C.A. No. 00-35L |
| | : | |
| FAIRWAY CAPITAL CORPORATION | : | |

**MEMORANDUM IN SUPPORT OF TRUSTEE'S MOTION**
**TO LIFT THE JUDICIAL STAY**

Joseph M. DiOrio, Chapter 7 Trustee (the "Trustee"), is the duly appointed Chapter 7 Trustee of Arnold Kilberg (the "Debtor"), in that proceeding identified as Case No. 04-10632-ANV, pending before in the United States Bankruptcy Court for the District of Rhode Island. The Trustee, by his motion filed herewith, moves this Court to lift the judicial stay imposed by this Court's Order entered on March 13, 2000, (the "Receivership Order") for a limited purpose. The Trustee requests that the stay be lifted for the limited purpose of allowing the Trustee to commence proceedings to compel Joseph Ferrucci, (the "Receiver"), the state-appointed receiver of Hamlet Properties, LLC ("Hamlet"), Rosedale Properties, LLC ("Rosedale") and Governor Financial Center, LLC ("Governor Financial") to pay real estate taxes in relation to Units 8 and 9 of the Washington Condominium (collectively known as "the Units") owned by Hamlet. The proceeding will be filed in the Rhode Island Superior Court.

## STATEMENT OF FACTS

The Plaintiff, Joseph M. DiOrio, is the duly appointed Chapter 7 Trustee of Arnold Kilberg. The other concerned parties include Hamlet, Rosedale and Governor Financial and Joseph Ferrucci as their receiver. This Court, in an order issued on January 6, 2004, held that Hamlet, Rosedale and Governor Financial, among others, were alter-egos of the Debtor and of each other. Hamlet, Rosedale, Governor Financial, the Debtor and others are parties to the so-called Anjoorian Settlement Agreement (the "Settlement Agreement") dated November 18, 2002. The Units are subject to the Settlement Agreement.

As a result of the Trustee's petition to the U.S. Bankruptcy Court and pursuant to the authorization of the Bankruptcy Court and the Rhode Island Superior Court, the Settlement Agreement has been consummated. The Trustee was able to obtain the Bankruptcy Court's approval to consummate the Settlement Agreement because, as a result of the approval, $2,000,000 in claims and liens against Debtor and related entities were eliminated, along with the claims of individual condominium owners for damages against the estate and the claims of title companies and title attorneys relating to the same. Also as a result of the consummation of the Settlement Agreement, the condominiums of the Washington Condominium have become marketable and the Anjoorian lien has been released from the Debtor's bankruptcy estate, thereby allowing the estate to marshal and liquidate various estate assets.

## ARGUMENTS

### A. IT IS IN THE BEST INTEREST OF THE KILBERG ESTATE TO ALLOW THIS ACTION TO COMMMENCE AND PROCEED.

The Hamlet receiver, pursuant to the Settlement Agreement, was required to deliver the Units to Anjoorian by Warranty Deeds. The Hamlet Receiver did not have funds available to pay unpaid real estate taxes. It is unduly burdensome for the Kilberg Estate, which does not share in the assets of the other alter-ego estates, to solely bear the burden of paying the real estate taxes. The Trustee emphasizes that the alter-ego estates of Hamlet, Rosedale and Governor Financial benefit from the satisfaction of the Anjoorian claim and the elimination of claims of the condominium owners, title attorneys and title companies. Anjoorian held liens on the common elements of the Washington Condominium and all the Unit owners have been precluded from passing clear title. Therefore, because Hamlet holds title to the Units and pursuant to the Settlement Agreement, it is the Receiver's responsibility to deliver title free and clear and pay the necessary funds.

The Trustee has attempted to fulfill his fiduciary duty to protect the assets of the estate. The Kilberg Estate, with the permission of Bankruptcy Court, has already paid $10,000 to Tillinghast, Licht, Perkins, Smith and Cohen to discharge its attachments on the Units and on Kilberg Estate assets. Moreover, in order to close the settlement, the Trustee agreed to have the Anjoorian attorney hold approximately $30,000 in escrow for thirty days, so that taxes and condo fees may be paid. It is unfair for the Kilberg Estate to bear the entire burden of paying the real estate taxes.

## B. IT IS IN THE BEST INTEREST OF OTHER CONCERNED PARTIES TO ALLOW THIS ACTION TO COMMMENCE AND PROCEED.

In addition to the benefits that will be received by the Kilberg Estate, the receivership estates of Hamlet, Rosedale and Governor Financial will each obtain a substantial advantage by the elimination of claims. In his motion, the Receiver noted the benefits that would be incurred by Hamlet and the other state court receivership entities upon the consummation of the Settlement Agreement, and on December 7, 2004 submitted to the Rhode Island Superior Court a Motion to Approve the Settlement Agreement. The Receiver recognized that consummation of the Settlement Agreement would result in the orderly administration of the Hamlet estate, the avoidance of claims filed by Anjoorian and others, help to avoid unnecessary litigation, and benefit the creditors in both the matter at hand and other proceedings. The Receiver's Motion was granted on February 17, 2004. In accord with the reasons espoused by the Receiver, it would also be in the best interest of Hamlet, Rosedale, Governor Financial and others, if this Court lifts of the judicial stay in order to allow the requested proceedings to commence.

## CONCLUSION

Based on the forgoing, the Trustee requests that the judicial stay imposed by this Court's order, entered March 13, 2000 be lifted for the specific purpose identified herein.

Respectfully submitted,

JOSEPH M. DIORIO,
Chapter 7 Trustee of Arnold Kilberg

Joseph M. DiOrio (#2616)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
Tel: (401) 632-0911
Fax: (401) 632-0751

Dated: June 8, 2005