UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v | : | C.A. No. 00-035/L |
| | : | |
| FAIRWAY CAPITAL CORPORATION | : | |
| | : | |
| Defendant | : | |

## ENTRY OF APPEARANCE

I, Joseph P. Ferrucci, Esq., as Permanent Receiver for the Hamlet Properties, LLC (the "Receiver") hereby enter my appearance in connection with the above-identified matter as an interested party. *A true and accurate copy of the Providence County Superior Court's June 17, 2004 Order appointing Joseph P. Ferrucci, Esq. as Permanent Receiver of Hamlet Properties, LLC is appended hereto as Exhibit A.*

Respectfully submitted,

Joseph P. Ferrucci (#4231)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: November __, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via e-mail and/or via first-class, postage prepaid mail upon the following on this 2nd day of November, 2006:

Wendy Somka

# Mailing Information for a Case 1:00-cv-00035-L

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Brenner**
  jbrenner@nixonpeabody.com ProEfile@nixonpeabody.com;mryone@nixonpeabody.com
- **Thomas E. Carlotto**
  tcarlotto@shslawfirm.com
- **Robert Clark Corrente**
  robert.corrente@usdoj.gov gale.james@usdoj.gov;paulette.gamache@usdoj.gov;usari-ecf@usdoj.gov
- **William J. Delaney**
  wdelaney@tllaw.com
- **Robert M. Duffy**
  rduffy@duffysweeney.com
- **Jeffrey H. Gladstone**
  jhg@psh.com
- **Lawrence L. Goldberg**
  mary@lg.necoxmail.com
- **William R. Grimm**
  wgrimm@haslaw.com
- **Kevin D. Heitke**
  kdh@kevinheitke.com
- **Stacey P. Nakasian**
  snakasian@duffysweeney.com ehanson@duffysweeney.com
- **Craig M. Scott**
  cscott@duffysweeney.com
- **Robert K. Taylor**
  rkt@psh.com tlc@psh.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Edward J. Bertozzi, Jr**
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

**Eugenia M. Carris**
U.S. Attorney's Office
United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

**Joseph L. DeCaporale, Jr**
400 Reservoir Avenue
Suite LL-G
Providence, RI 02907

**Joseph Michael DiOrio**
Law Office of Joseph M. DiOrio
10 Dorrance Street
Suite 1200
Providence, RI 02903

**Lisa Dinerman**
Rhode Island Supreme Court
250 Benefit Street
8th Floor
Providence, RI 02903

**Peter A. Frazier**
rhode Island Airport Corporation
2000 Post Road
Warwick, RI 02886

**Douglas J. Gervolino**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**Lawrence L. Goldberg**
96 Jefferson Blvd.
Warwick, RI 02888

**Gregory W. Hamilton**
319 Hope Street
Providence, RI 02906

**John J. Jacko, III**
Buchanan Ingersoll PC
1835 Market St.
14th Floor
Philadelphia, PA 10106

**Arnold Kilberg**
Arnold Kilberg & co.
285 Governor Street
Providence, RI 02903

**Frank D. Kirby**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**Arlene P. Messinger**
U.S. Small Business Administration
Chief Counsel, SBIC Litigation
409 Third St., SW, 7th Floor

Washington, DC 20416

**George M. Prescott, Jr**
11 Lincoln Ave.
Lincoln, RI 02865

**Andrew S. Richardson**
182 Waterman Street
Providence, RI 02906

**Thomas W. Rigby**
U.S. Small Business Administration
409 3rd Street
S.W. 7th floor
Washington, DC 20416

**K. Joseph Shekarchi**
33 College Hill Road, Suite 15-E
Warwick, RI 02886

**Scott J. Summer**
Montaquila & Summer, P.C.
Calart Tower
400 Reservoir Avenue
Suite 3A
Providence, RI 02907

EXHIBIT A

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

UNITED STATES SMALL BUSINESS ADMINISTARTION, as Receiver of Wallace Capital Corporation,
Petitioner

vs. P.M. No.: 04-2807

HAMLET PROPERTIES, L.L.C.
Respondent

## AMENDED ORDER APPOINTING PERMANENT RECEIVER

This cause came to be heard on the Petition for Appointment of Receiver for the Defendant, and it appearing that the notice provided by the Order of this Court previously entered herein has been given, and upon consideration thereof, it is hereby

## ORDERED, ADJDGED AND DECREED:

1. That this Order is subject to the terms and conditions set forth in that certain Order entered January 8, 2004 (the "Fairway Receivership Order", a true copy of which is attached hereto as Exhibit A) in the action pending in the United States District Court for the District of Rhode Island (the "Federal Court") and captioned *United States of America v. Fairway Capital* Corporation, Civil Action No. 00-035L (the "Fiarway Receivership Action"), in which said Federal Court declared that Respondent Hamlet Properties, LLC is under the jurisdiction of the said Federal Court pursuant to 15 U.S.C. §647c.

2. That Joseph P. Ferrucci, Esquire of 55 Pine Street, Suite Four, Providence, Rhode Island, be and hereby is appointed Permanent Receiver (the "Receiver") of Respondent, and of all the estate, assets, effects, property and business of Respondent of every name, kind, nature and description.

3. That said Receiver shall, no later than five (5) days from the date hereof, file herein a bond in the amount of $10,000 with corporate surety thereon authorized to do business in the State of Rhode Island conditioned that the Receiver will well and truly perform the duties of said office.

4. That said Receiver be and hereby is authorized, empowered and directed to take possession and charge of said estate, assets, effects, property and business of the Respondent, including cash surrender value of any insurance owned by Respondent, and to preserve the same, and is hereby vested with title to the same; to collect and receive the debts, property and other assets and effects of said Respondent,

including such cash surrender value, with full power to prosecute, defend, adjust and compromise all claims and suits of, by or against said Respondent and to appear, intervene or become a party in all suits, actions or proceedings relating to said estate, assets, effects and property as may in the judgment of the Receiver be necessary or desirable for the protection, maintenance and preservation of the property and assets of said Defendant.

5. That this appointment is made in succession to the appointment of Temporary Receiver heretofore made by order of this Court, and the Receiver shall take and be vested with the title to all assets, property and choses-in-action which have heretofore accrued to the Temporary Receiver with power to confirm and ratify in writing such agreements as are entered into by such Temporary Receiver and to carry out and perform the same.

6. That the Receiver is authorized, in the Receiver's discretion, to continue the business of the Respondent until further order of this Court, and to employ such persons as may be desirable for the foregoing purposes and, in connection therewith, to use such moneys as shall come into the Receiver's hands and possession, as far as the same shall be necessary, for the above purposes and for continuing the business of said Respondent until further Order of this Court.

7. That the Receiver is authorized to incur expenses for goods and services and to purchase for cash such merchandise, supplies and materials as in the Receiver's discretion may be desirable or necessary for continuance of the business of the Respondent.

8. That said Receiver be and hereby is authorized and empowered to sell, transfer and convey said Receiver's right, title and interest and the right, title and interest of said Defendant in and to any real property or personal property, tangible or intangible, for such sum or sums of money as to said Receiver appears reasonable and proper, at private sale or sales, provided, however, that approval is first given for such sale or sales by this Court on *ex parte* application by the Receiver, or after such notice as the Court may require.

9. That the Receiver is hereby authorized and empowered to sell at public auction any or all of the assets referred to in Paragraph 8. The Receiver is also authorized to engage an auctioneer and to insert such display ads within or without the State of Rhode Island as the Receiver deems proper advertising for such sale. Such a public auction sale conducted by said Receiver in accordance with the provisions of this paragraph shall be considered and is hereby declared to be a commercially reasonable sale, and such sale shall constitute compliance with the requirements of a commercially reasonable sale as set forth in Article 9 of the Uniform Commercial Code as enacted in Rhode Island.

10. That said Receiver be, and hereby is, authorized and empowered, as soon as there are sufficient funds available, to pay all City, State and United States

taxes of any kind, nature and description, including withholding taxes, as well as wages due employees, with such employees being relieved of the necessity of filing claims with the Receiver unless the amount paid or shown on the books of the Respondent is not acceptable to any employee, in which case said employee may file his/her claim in the same manner as other creditors.

11. In fulfillment of the reporting requirements set forth in Rule 66 (e) of the Superior Court Rules of Civil Procedure, the Receiver shall file with the Court the Reports referred to in said Rule, as and when the Receiver deems necessary or advisable under the circumstances, or, in any event, as and when required by Order of this Court In addition, the Receiver shall file with the Court, on or before May 1 and October 1 of each year, a Receivership Control Calendar Report in accordance with Rhode Island Superior Court Administrative Order No. 98-7.

12. That the Receiver shall continue to discharge said Receiver's duties and trusts hereunder until further order of this Court; that the right is reserved to the Receiver and to the parties hereto to apply to this Court for any other or further instructions to said Receiver and that this Court reserves the right, upon such Notice, if any, as it shall deem proper, to make such further orders herein as may be proper, and to modify this Order from time to time.

13. All creditors or other claimants hereby are ordered to file under oath with the Receiver at 55 Pine Street, Providence, Rhode Island 02903 on or before ~~October~~ Nov 18, 2004, a statement setting forth their claims, including, but without limiting the generality of the foregoing, the name and address of the claimant, the nature and amount of such claim, a statement of any security or lien held by the claimant to which such claimant is or claims to be entitled, and also a statement as to any preference or priority which the claimant claims to be entitled to over the claims of any other or all other claimants or creditors.

14. That, subject to the Fairway Receivership Order and any other order or orders which have been or may be entered by the Federal Court in the Fairway Receivership Action, the commencement, prosecution, or continuance of the prosecution, of any action, suit, arbitration proceeding, hearing, or any foreclosure, reclamation or repossession proceeding, both judicial and non-judicial, or any other proceeding, in law, or in equity or under any statute, or otherwise, against said Respondent or any of its property, in any Court, agency, tribunal, or elsewhere, or before any arbitrator, or otherwise by any creditor, stockholder, corporation, partnership or any other person, or the levy of any attachment, execution or other process upon or against any property of said Respondent, or the taking or attempting to take into possession any property in the possession of the Respondent or of which the Respondent has the right to possession, by any of such parties as aforesaid, or the termination of telephone, electric, gas or other utility service to Respondent, by any public utility, without obtaining prior approval thereof from this Honorable Court, in which connection said Receiver shall be entitled to prior notice and an opportunity to be heard,

are hereby restrained and enjoined until further Order of this Court. The stay set forth in this Paragraph 14 is hereinafter referred to as the "State Stay".

15. Referring to the stay set forth in Paragraphs 7 and 8 (the "Federal Stay") of the Order entered on March 13, 2000, by the Federal Court in the Fairway Receivership Action (a copy of said Order being attached hereto as Exhibit B), (a) that any lift of the State Stay by this Court will not lift the Federal Stay, and (b) that any lift of the Federal Stay by the Federal Court will automatically lift the State Stay to the same extent.

16. That Notice be given of the entry of this order by the Clerk of this Court by publication of a copy of the annexed Receivership Notice in The Providence Journal on or before the day of 22 July, 2004, and by the Receiver mailing on or before the day of 29, July 2004, a copy of said Receivership Notice to each creditor and stockholder of said Defendant known as such to the Receiver, or appearing as such on the books of said Defendant, addressed to each such stockholder or creditor at his last known address.

17. This Order is entered by virtue of and pursuant to this Court's equity powers and pursuant to its powers as authorized by the laws and statutes of the State of Rhode Island.

18. This Order supersedes the Court's Order of June 17, 2004, appointing Joseph P. Ferrucci as permanent Receiver herein

ENTERED, as an Order of this Court this 15 day of July, 2004.

BY ORDER:

Associate Justice

Silverstein J. 7/15/04

ENTER:

Clerk

administrator