**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff** | ) | **Civil Case No. 00-035-L** |
| v. | ) | |
| **FAIRWAY CAPITAL CORPORATION** | ) | |
| **Defendant** | ) | |

**MOTION OF THE U.S. SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR FAIRWAY CAPITAL CORPORATION FOR ENTRY OF AN ORDER APPROVING THE FIFTH RECEIVER'S REPORT FOR THE PERIOD AUGUST 1, 2006 TO JULY 31, 2007**

COMES NOW the U.S. Small Business Administration, as Receiver for Fairway Capital Corporation (the "Receiver"), by its undersigned counsel, and hereby moves this Court to enter the [proposed] Order filed herewith as Exhibit A which approves and confirms the Fifth Receiver's Report for the period from August 1, 2006 to July 31, 2007 (the "Fifth Receiver's Report"), which is submitted herewith, and the acts, transactions, receipts, and disbursements reported therein.

The Fifth Receiver's Report, a Memorandum of Law, and the [proposed] Order are submitted concurrently herewith.

Respectfully submitted,
U.S. SMALL BUSINESS ADMINISTRATION,
as Receiver for Fairway Capital Corporation

Dated: 11/26/07

By: /s/ Thomas W. Rigby

Thomas W. Rigby
(DC Bar No. 463532; Virginia Bar No. 34663)
Chief Counsel for SBIC Litigation,
Office of SBIC Enforcement,
Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W., 7th Floor
Washington, DC 20416

Tel: (202) 619-1610
FAX: (202) 481-5866

Dated: 11/26/07

By: /s/ Stacey P. Nakasian

Stacey P. Nakasian (#5069)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Tel. (401) 455-0700
FAX (401) 455-0701

Attorneys for the Receiver

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing documents entitled "Motion of the U.S. Small Business Administration, as Receiver for Fairway Capital Corporation", "Memorandum of Law in Support Thereof", "Fifth Receiver's Report for the period August 1, 2006 to July 31, 2007 ", and [proposed] Order were served by the ECF system on the 26th day of November, 2007, and will be sent electronically to the counsel-named below who are registered participants identified on the Notice of Electronic Filing and mailed on November 27th to the following who are not registered participants of the ECF system:

Allan E. Hanson, Esq.
District Counsel
SBA Providence District Office
380 Westminster Mall, 5th Floor
Providence, Rhode Island 02903

Andrew S. Richardson, Esq.
Ch. 7 Trustee
C.R. Amusements, LLC
182 Waterman Street
Providence, Rhode Island 02906

Peter G. Berman, Esq.
Raskin & Berman
116 East Manning Street
Providence, Rhode Island 02906

Arnold Kilberg
Joan Kilberg
3554 Pine Lake Ct.
Delray Beach, FL 33445

Jeffrey H. Gladstone, Esq.
Robert K. Taylor, Esq.
Partridge, Snow & Hahn, LLP
180 South Main Street
Providence, Rhode Island 02903

Ronald Markoff, Esq.
Law Offices of Ronald Markoff
55 Pine Street, 3rd Floor
Providence, RI 02903

Theodore Orson, Esq.
Orson & Brusini, Ltd.
325 Angell Street
Providence, RI 02906

Richard R. Beretta, Esq.
Maria J. Goncalves, Esq.
Adler, Pollock & Sheehan, P.C.
2300 Financial Plaza
Providence, RI 02903

Leonard DePasquale, Esq.
United States Trustee
United States Trustee's Office
10 Dorrance Street, Room 910
Providence, RI 02903

Wayne M. Kezirian, Esq.
Gaebe & Kezirian
128 Dorrance Street
Providence, RI 02903

Adam C. Robitaille, Esq.
Roberts, Carroll Feldstein & Pierce
Ten Weybosset Street
Providence, RI 02903

Richard Gemma, Esq.
MacAdams & Wieck
101 Dyer Street
Providence, RI 02903

Patrick T. Conley, Esq.
1445 Wampanoag Trail, Suite 203
East Providence, RI 02915

Neal J. McNamara, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903

Arlene M. Embrey, Esq.
Office of General Counsel, 7th Floor
U.S. Small Business Administration
409 Third Street, S.W.
Washington, D.C. 20416

Karen Davidson, Esq.
One Ship Street
Providence, Rhode Island 02903

Stephen A. Rodio, Esq.
Rodio & Brown, Ltd.
91 Friendship Street
Providence, Rhode Island 02903

Everett A. Petronio, Sr., Esq.
Law Offices of Everett A. Petronio, Inc.
1239 Hartford Avenue
P.O. Box 19040
Johnston, Rhode Island 02919

Cheryl Lynn Kilberg
2766 North Greenwood Avenue
Arlington Heights, Illinois 60004

Gary Dale Kilberg
90 Irving Avenue
Providence, Rhode Island 02906

Jennifer Leigh Kilberg
933 Watkins Street, N.W., Loft C
Atlanta, GA 30318

Merrill J. Friedmann, Esq.
Friedemann & Associates
462 Broadway
Providence, RI 02909

Robert E. Bollengier, Esq.
Stephen Browning House In the Village of Apponaug
3214 Post Road, P.O. Box 7617
Warwick, RI 02887

Brian S. Stern
Principal Agent for the Receiver
SBA, as Receiver for Fairway Capital Corporation
666 Eleventh St., N.W. - Suite 200
Washington, DC 20001

Louis A. Geremia, Esq.
GEREMIA & DeMARCO, LTD.
99 Wayland Ave.
Providence, RI 02906

**Edward J. Bertozzi, Jr.**
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
ebertozzi@eapdlaw.com

**Jeffrey S. Brenner**
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
jbrenner@nixonpeabody.com

**Christopher R. Bush**
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903
cbush@riag.ri.gov

**Thomas E. Carlotto**
Shechtman Halperin Savage LLP
1080 Main St.
Pawtucket, RI 02860
tcarlotto@shslawfirm.com

**Eugenia M. Carris**
U.S. Attorney's Office
United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
eugenia.carris@usdoj.gov

**Robert Clark Corrente**
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
robert.corrente@usdoj.gov

**Joseph L. DeCaporale, Jr.**
400 Reservoir Avenue, Suite LL-G
Providence, RI 02907
j_decaporale@yahoo.com

**William J. Delaney**
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, RI 02903
wdelaney@rc-legal.com

**Joseph Michael DiOrio**
Law Office of Joseph M. DiOrio
10 Dorrance Street, Suite 1200
Providence, RI 02903
jmdiorio@dioriolaw.com

**Lisa Dinerman**
Rhode Island Supreme Court
250 Benefit Street, 8th Floor
Providence, RI 02903

**Christopher R. Donato**
US Attorney's Office
J.J. Moakley federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
chris.donato@usdoj.gov

**Robert M. Duffy**
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
rduffy@duffysweeney.com

**Joseph P. Ferrucci**
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903-2841
jferrucci@frlawri.com

**Peter A. Frazier**
Rhode Island Airport Corporation
2000 Post Road
Warwick, RI 02886
pfrazier@pvdairport.com

**Douglas J. Gervolino**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**Jeffrey H. Gladstone**
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
jhg@psh.com

**Lawrence L. Goldberg**
Lawrence L. Goldberg Law Associates
92 Jefferson Boulevard
Warwick, RI 02888
mary@lg.necoxmail.com

**William R. Grimm**
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903
wgrimm@haslaw.com

**Gregory W. Hamilton**
319 Hope Street
Providence, RI 02906

**Kevin D. Heitke**
P.O. Box 556
1452 Broncos Highway, Suite 203
Harrisville, RI 02830-0556
kdh@kevinheitke.com

**John J. Jacko, III**
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA 10106
john.jacko@bipc.com

**Frank D. Kirby**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**Arlene P. Messinger**
U.S. Small Business Administration
Chief Counsel, SBIC Litigation
409 Third St., SW, 7th Floor
Washington, DC 20416

**George M. Prescott, Jr.**
11 Lincoln Ave.
Lincoln, RI 02865
georgemprescottjr@hotmail.com

**Thomas W. Rigby**
U.S. Small Business Administration
Office of General Counsel
409 3rd Street
S.W. 7th floor
Washington, DC 20416
202-205-6881

**K. Joseph Shekarchi**
33 College Hill Road, Suite 15-E
Warwick, RI 02886
Joe@shekarchilaw.com

**Scott J. Summer**
Lawyers Collaborative
400 Reservoir Avenue, Suite 3A
Providence, RI 02907
sjs@lawyerscollaborative.com

**Robert K. Taylor**
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
rkt@psh.com

BY: /s/ Stacey P. Nakasian
Stacey P. Nakasian

# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff** | ) | **Civil Case No. 00-035-L** |
| v. | ) | **Judge Ronald R. Lagueux** |
| **FAIRWAY CAPITAL CORPORATION** | ) | |
| **Defendant** | ) | **[proposed] ORDER** |

**ORDER APPROVING THE FIFTH RECEIVER'S REPORT FOR THE <u>PERIOD AUGUST 1, 2006 TO JULY 31, 2007</u>**

THIS CAUSE COMING on the Motion of the U.S. Small Business Administration, as Receiver for Fairway Capital Corporation and the Fifth Receiver's Report for the period from August 1, 2006 to July 31, 2007 (the "Fifth Receiver's Report"), and this Court being duly advised as to the merits,

THIS COURT FINDS that the acts, transactions, receipts, disbursements, and settlements described in the Fifth Receiver's Report were in the best interests of the receivership estate and should be approved and confirmed as described therein.

IT IS HEREBY ORDERED AND DECREED THAT:

1) This Court hereby approves and confirms the Fifth Receiver's Report and the acts, transactions, receipts, and disbursements reported therein.

2) This Court hereby approves and confirms the discharge of Fairway's junior mortgage in the Joan Cerilli residence by the Receiver in exchange for payment of $268,164 from the net proceeds of the sale of the residence by the Joan Cerilli Estate.

SO ORDERED, this _____ day of ___________, 2007, at Providence, Rhode Island.

______________________________
HONORABLE RONALD R. LAGUEUX
SENIOR UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>FAIRWAY CAPITAL CORPORATION<br><br>Defendant | Civil Case No. 00-035-L |

**MEMORANDUM IN SUPPORT OF MOTION OF THE U.S. SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR FAIRWAY CAPITAL CORPORATION FOR ENTRY OF AN ORDER APPROVING THE FIFTH RECEIVER'S REPORT FOR THE PERIOD AUGUST 1, 2006 TO JULY 31, 2007**

The U.S. Small Business Administration, as Receiver for Fairway Capital Corporation (the "Receiver"), by its undersigned counsel, moves this Court to approve and confirm the Fifth Receiver's Report for the period from August 1, 2006 to July 31, 2007 (the "Fifth Receiver's Report"), which is submitted herewith, and the acts, transactions, receipts, and disbursements reported therein.

## FACTS

The Receiver was appointed by an Order of this Court dated March 13, 2000 (the "Receivership Order") and was charged, among other things, with "marshaling and liquidating all of Fairway's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court." Receivership Order, ¶ 1. The Fifth Receiver's Report, filed herewith, summarizes the Receiver's activities for the period from August 1, 2006 to July 31, 2007 with regard to the Receiver's duties under the Receivership Order.

## ARGUMENT

The Receivership Order provides for a final report by the Receiver. Receivership Order, ¶ 10. Based upon its experience, the Receiver has determined that periodic reports will assist the

Court in its oversight duties with respect to this Receivership. The periodic review and confirmation of the acts, transactions, receipts, and disbursements reported by the Receiver allows the Receiver to continue its activities and work as confirmed by the Court, and to adjust its activities if the Court so directs. Therefore, the Receiver moves this Court to approve and confirm the Fifth Receiver's Report for the period from August 1, 2006 to July 31, 2007. The Fifth Receiver's Report and a proposed Order are submitted concurrently herewith.

Respectfully submitted,
U.S. SMALL BUSINESS ADMINISTRATION,
as Receiver for Fairway Capital Corporation

Dated: 11/26/2007 By: /s/ Thomas W. Rigby

Thomas W. Rigby
(DC Bar No. 463532; Virginia Bar No. 34663)
Chief Counsel for SBIC Litigation,
Office of SBIC Enforcement
Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W., 7th Floor
Washington, DC 20416

Tel: (202) 619-1610
FAX: (202) 205-7154

Dated: 11/26/2007 By: /s/ Stacey P. Nakasian

Stacey P. Nakasian (#5069)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Tel. (401) 455-0700
FAX (401) 455-0701

Attorneys for the Receiver

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing documents entitled "Motion of the U.S. Small Business Administration, as Receiver for Fairway Capital Corporation", "Memorandum of Law in Support Thereof", "Fifth Receiver's Report for the period August 1, 2006 to July 31, 2007 ", and [proposed] Order were served by the ECF system on the 26th day of November, 2007, and will be sent electronically to the counsel-named below who are registered participants identified on the Notice of Electronic Filing and mailed on November 27th to the following who are not registered participants of the ECF system

Allan E. Hanson, Esq.
District Counsel
SBA Providence District Office
380 Westminster Mall, 5th Floor
Providence, Rhode Island 02903

Andrew S. Richardson, Esq.
Ch. 7 Trustee
C.R. Amusements, LLC
182 Waterman Street
Providence, Rhode Island 02906

Peter G. Berman, Esq.
Raskin & Berman
116 East Manning Street
Providence, Rhode Island 02906

Arnold Kilberg
Joan Kilberg
3554 Pine Lake Ct.
Delray Beach, FL 33445

Jeffrey H. Gladstone, Esq.
Robert K. Taylor, Esq.
Partridge, Snow & Hahn, LLP
180 South Main Street
Providence, Rhode Island 02903

Ronald Markoff, Esq.
Law Offices of Ronald Markoff
55 Pine Street, 3rd Floor
Providence, RI 02903

Theodore Orson, Esq.
Orson & Brusini, Ltd.
325 Angell Street
Providence, RI 02906

Richard R. Beretta, Esq.
Maria J. Goncalves, Esq.
Adler, Pollock & Sheehan, P.C.
2300 Financial Plaza
Providence, RI 02903

Leonard DePasquale, Esq.
United States Trustee
United States Trustee's Office
10 Dorrance Street, Room 910
Providence, RI 02903

Wayne M. Kezirian, Esq.
Gaebe & Kezirian
128 Dorrance Street
Providence, RI 02903

Adam C. Robitaille, Esq.
Roberts, Carroll Feldstein & Pierce
Ten Weybosset Street
Providence, RI 02903

Richard Gemma, Esq.
MacAdams & Wieck
101 Dyer Street
Providence, RI 02903

Patrick T. Conley, Esq.
1445 Wampanoag Trail, Suite 203
East Providence, RI 02915

Neal J. McNamara, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903

Arlene M. Embrey, Esq.
Office of General Counsel, 7th Floor
U.S. Small Business Administration
409 Third Street, S.W.
Washington, D.C. 20416

Karen Davidson, Esq.
One Ship Street
Providence, Rhode Island 02903

Stephen A. Rodio, Esq.
Rodio & Brown, Ltd.
91 Friendship Street
Providence, Rhode Island 02903

Everett A. Petronio, Sr., Esq.
Law Offices of Everett A. Petronio, Inc.
1239 Hartford Avenue
P.O. Box 19040
Johnston, Rhode Island 02919

Cheryl Lynn Kilberg
2766 North Greenwood Avenue
Arlington Heights, Illinois 60004

Gary Dale Kilberg
90 Irving Avenue
Providence, Rhode Island 02906

Jennifer Leigh Kilberg
933 Watkins Street, N.W., Loft C
Atlanta, GA 30318

Merrill J. Friedmann, Esq.
Friedemann & Associates
462 Broadway
Providence, RI 02909

Robert E. Bollengier, Esq.
Stephen Browning House
In the Village of Apponaug
3214 Post Road
P.O. Box 7617
Warwick, RI 02887

Brian S. Stern
Principal Agent for the Receiver
SBA, as Receiver for Fairway Capital Corporation
666 Eleventh St., N.W. - Suite 200
Washington, DC 20001

Louis A. Geremia, Esq.
GEREMIA & DeMARCO, LTD.
99 Wayland Ave.
Providence, RI 02906

**Edward J. Bertozzi, Jr.**
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
ebertozzi@eapdlaw.com

**Jeffrey S. Brenner**
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
jbrenner@nixonpeabody.com

**Christopher R. Bush**
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903
cbush@riag.ri.gov

**Thomas E. Carlotto**
Shechtman Halperin Savage LLP
1080 Main St.
Pawtucket, RI 02860
tcarlotto@shslawfirm.com

**Eugenia M. Carris**
U.S. Attorney's Office
United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
eugenia.carris@usdoj.gov

**Robert Clark Corrente**
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
robert.corrente@usdoj.gov

**Joseph L. DeCaporale, Jr.**
400 Reservoir Avenue
Suite LL-G
Providence, RI 02907
j_decaporale@yahoo.com

**William J. Delaney**
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, RI 02903
wdelaney@rc-legal.com

**Joseph Michael DiOrio**
Law Office of Joseph M. DiOrio
10 Dorrance Street, Suite 1200
Providence, RI 02903
jmdiorio@dioriolaw.com

**Lisa Dinerman**
Rhode Island Supreme Court
250 Benefit Street, 8th Floor
Providence, RI 02903

**Christopher R. Donato**
US Attorney's Office
J.J. Moakley federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
chris.donato@usdoj.gov

**Robert M. Duffy**
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
rduffy@duffysweeney.com

**Joseph P. Ferrucci**
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903-2841
jferrucci@frlawri.com

**Peter A. Frazier**
Rhode Island Airport Corporation
2000 Post Road
Warwick, RI 02886
pfrazier@pvdairport.com

**Douglas J. Gervolino**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**Jeffrey H. Gladstone**
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
jhg@psh.com

**Lawrence L. Goldberg**
Lawrence L. Goldberg Law Associates
92 Jefferson Boulevard
Warwick, RI 02888
mary@lg.necoxmail.com

**William R. Grimm**
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903
wgrimm@haslaw.com

**Gregory W. Hamilton**
319 Hope Street
Providence, RI 02906

**Kevin D. Heitke**
P.O. Box 556
1452 Broncos Highway, Suite 203
Harrisville, RI 02830-0556
kdh@kevinheitke.com

**John J. Jacko, III**
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA 10106
john.jacko@bipc.com

**Frank D. Kirby**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**Arlene P. Messinger**
U.S. Small Business Administration
Chief Counsel, SBIC Litigation
409 Third St., SW, 7th Floor
Washington, DC 20416

**Stacey P. Nakasian**
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
455-0700
455-0701 (fax)
snakasian@duffysweeney.com

**George M. Prescott, Jr.**
11 Lincoln Ave.
Lincoln, RI 02865
georgemprescottjr@hotmail.com

**Thomas W. Rigby**
U.S. Small Business Administration
Office of General Counsel
409 3rd Street
S.W. 7th floor
Washington, DC 20416
202-205-6881

**K. Joseph Shekarchi**
33 College Hill Road, Suite 15-E
Warwick, RI 02886
Joe@shekarchilaw.com

**Scott J. Summer**
Lawyers Collaborative
400 Reservoir Avenue, Suite 3A
Providence, RI 02907
sjs@lawyerscollaborative.com

**Robert K. Taylor**
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
rkt@psh.com

BY: /s/ Stacey P. Nakasian
Stacey P. Nakasian

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff** | ) | **Civil Case No. 00-035-L** |
| **v.** | ) | |
| **FAIRWAY CAPITAL CORPORATION** | ) | |
| **Defendant** | ) | |

# FIFTH RECEIVER'S REPORT FOR THE PERIOD AUGUST 1, 2006 TO JULY 31, 2007

## I. INTRODUCTION

This Fifth Receiver's Report ("Fifth Report") is being filed with this Court by the United States Small Business Administration ( "SBA"), which was appointed Receiver ("Receiver") for Fairway Capital Corporation ("Fairway") pursuant to the Order of this Court dated March 13, 2000 (the "Receivership Order").[1] This Fifth Report summarizes the activities of the receivership for the period from August 1, 2006 through July 31, 2007, the background of the receivership, and its current cash position. Where significant events occurred subsequent to the period covered by this Fifth Report but before the submission of this Report to this Court, they are also reported herein.[2]

---

[1] The Order was entered by the Honorable Mary M. Lisi (Docket No. 9). By Order entered June 11, 2002, Judge Lisi recused herself from participation in this case, and it was reassigned to the Honorable Ronald R. Lagueux (Docket No. 77).

[2] The First Receiver's Report ("First Report") was filed on August 21, 2001, summarized the receivership activities for the period from March 13, 2000 through May 31, 2001, and was approved and confirmed by this Court's Order dated August 23, 2001 (Docket No. 49).

The Second Receiver's Report ("Second Report") was filed on September 13, 2002, summarized the receivership activities for the period from June 1, 2001 through July 31, 2002, and was approved and confirmed by this Court's Order dated October 8, 2002 (Docket No. 126).

The Third Receiver's Report ("Third Report") was filed on November 28, 2005, summarized the receivership activities for the period from August 1, 2002 through July 31, 2005, and was approved and confirmed by this Court's Order dated December 15, 2005 (Docket No. 339).

The Fourth Receiver's Report ("Fourth Report") was filed on October 10, 2006, summarized the receivership activities for the period from August 1, 2005 through July 31, 2006, and was approved and confirmed by this

**TABLE OF CONTENTS**


| | | |
|---|---|---|
| I. | Introduction | page 1 |
| II. | Background | page 3 |
| III. | Operation of the Receivership | page 3 |
| | A. General Operations | page 3 |
| | B. Notice of Receivership | page 4 |
| | C. Personnel | page 4 |
| | D. Corporate Compliance, Accounting and Tax Matters | page 5 |
| | E. Claims Matters – First Bar Date | page 5 |
| IV. | Asset Accounts | page 6 |
| | A. Cash | page 6 |
| | B. Non-Performing Debt Instruments | page 6 |
| | C. Real Estate Owned | page 6 |
| | D. Other Assets | page 7 |
| | E. Claims Against Others | page 10 |
| V. | Legal Actions | page 12 |
| VI. | Supplemental Claims Against the Receivership | page 14 |
| VII. | Receipts and Disbursements | page 14 |
| VIII. | Conclusion | page 15 |
| Exhibit A | | page 16 |


---

Court's Order dated October 31, 2006 (Docket No. 346).

The First, Second, Third, and Fourth Reports are incorporated by reference herein, and collectively referred to as the "prior Reports."

## II. BACKGROUND

The background of this receivership has been described in detail in the prior Reports. In summary, Fairway was licensed as a Small Business Investment Company ("SBIC") by SBA on January 31, 1990, under §301(c) of the Small Business Investment Act of 1958 (the "Act"), as amended. SBA guaranteed two subordinated debentures issued by Fairway in September 1990 and in June 1991 in the total amount of $7,500,000. These debentures required Fairway to make periodic payments.

SBA informed Fairway by letter dated May 20, 1994 that it had violated certain regulations, and SBA accelerated Fairway's entire debt. On June 1, 1994, Fairway made full payment on the Second Debenture. On November 1, 1996, Fairway agreed to pay all its outstanding indebtedness to SBA by May 1, 1997. It defaulted and continued to violate the regulations. On January 25, 2000, SBA filed a Complaint seeking its appointment as Receiver for Fairway. After a hearing before this Court, SBA was appointed Receiver for Fairway on March 13, 2000.

On January 8, 2004, this Court entered its Order (the "January 2004 Order") (Docket No. 229) which found that Fairway is the true owner of Acropolis Enterprises, Inc. ("Acropolis") and Pantheon Enterprises, Inc. (f/k/a Participation Services Corporation) ("Pantheon"), that Acropolis and Pantheon were alter egos of Fairway up to March 13, 2000, and that its exercise of jurisdiction under 15 U.S.C. §687c contained in the Receivership Order includes jurisdiction over Acropolis, Pantheon and their subsidiaries. Therefore, all provisions of the Receivership Order apply equally to Acropolis, Pantheon and their subsidiaries. The Receiver was authorized to establish a Supplemental Claims Bar Date and procedure for claims to be filed against Acropolis, Pantheon and their subsidiaries.

## III. OPERATION OF THE RECEIVERSHIP

### A. <u>General Operations</u>

The overall function of the Receiver is to identify, marshal, administer, and liquidate the assets of Fairway and subsidiaries, wherever located. The Receiver has continued to collect

funds due to Fairway and to otherwise administer the Receivership, in order to effectuate an orderly liquidation of Fairway, subject to the approval of this Court.

Specific actions taken by the Receiver during this reporting period to identify, marshal, administer, and liquidate the assets of Fairway are discussed in detail below. Upon completion of the liquidation of Fairway and subsidiaries, the proceeds of the liquidation will be used to satisfy the claims of creditors, including SBA, in the order of priority determined by this Court. Any excess proceeds will be distributed to the shareholders as ordered by this Court.

## B. Notice of Receivership

As previously reported, the Receiver gave written notice of its appointment in accordance with paragraph 4 of the Receivership Order. In addition, the Receiver notified all U.S. District Courts, in accordance with 28 U.S.C. §754.

## C. Personnel

The Receiver maintains all of Fairway's corporate, financial, and accounting records, and performs all accounting functions at its Receivership Office, located at 666 Eleventh Street, N.W., Suite 200, Washington, D.C. 20001. The Receiver shares office space and administrative services with a large number of other receiverships.

During the period of this Fifth Report, pursuant to paragraph 5 of the Receivership Order, the Receiver has continued to utilize the services of professionals to assist in operating the Receivership. Brian S. Stern has been retained as Principal Agent since May 2002. The duties of the Principal Agent have been described in the prior Reports. In addition to the Principal Agent, during this Fifth Reporting period the Receiver has also retained Charles P. Fulford, to assist the Receiver on issues concerning Hotel on the Cay in St. Croix, U.S. Virgin Islands; The Riggs Group, PC, CPAs, which maintains the books and accounting records of the Receiver; Duffy, Sweeney & Scott, Ltd., a Providence, RI, law firm to assist the Receiver in various legal issues in Rhode Island; Jacobs & Brady, PC, a St. Croix law firm, to assist the Receiver on certain issues concerning Hotel on the Cay in St. Croix; the law offices of Ronald Markoff, a Providence, RI law firm to assist the Receiver in title issues relating to real property in which Fairway holds an interest; and Ober, Kaler, Grimes, & Shriver, a Washington, DC law firm

retained to assist the Receiver in various commercial issues.

**D. Corporate Compliance, Accounting and Tax Matters**

The Receiver has maintained Fairway's "good standing" as a Rhode Island S Corporation. Additionally, the Receiver has timely filed Fairway's U.S. and Rhode Island tax returns for all years through December 31, 2006.

**E. Claims Matters Arising from the Court's First Bar Date**

This Court's Order entered May 2, 2001 (Docket No. 45) established August 6, 2001 as the claims bar date by which date all claims against Fairway, the Receiver, or the Fairway Receivership Estate were to be submitted to the Receiver or be forever barred. In response to the Receiver's published and mailed notices to claimants and creditors, twenty-two (22) individuals and entities filed claims. The Receiver filed its Recommended Disposition of Claims in the Court on October 20, 2004 (Docket No. 261), and this Court approved the Receiver's recommendations by its Order entered February 17, 2005 (Docket No. 284).

Objections to the Court's Order were filed by Government of the US Virgin Islands (US VI) (Docket No. 316), the Trustees of the Parkos Trusts (Docket No. 294), and the Law Offices of E. Petronio (Docket 296). The Petronio objection was resolved by this Court's Amended Order entered May 18, 2005 (Docket No. 307). After hearing on July 12, 2005, this Court entered its Order on July 19, 2005 denying the Parkos objection (Docket No. 330). This Court entered its Decision and Order on the US VI's Objections on June 9, 2006 in *USA v. Fairway Capital Corp.*, 433 F. Supp. 2d 226 (D.R.I. 2006) (Docket No. 340). The US VI filed its Appeal in the U.S. Court of Appeals for the First Circuit on July 6, 2006 (Docket No. 341). The Court of Appeals affirmed this Court's decision in *USA v. Fairway Capital Corp.*, 483 F. 3rd 34 (1st Cir. 2007) (Docket No. 352). As discussed below, the Court also established a "supplemental" claims bar date to address claims arising from the relationships among Fairway, Arnold Kilberg and certain entities controlled by him. Several of the claimants in the first claims bar date filed similar claims in the supplemental proceeding. Because the disposition of the claims filed in response to the Court's "first" claims bar date has been resolved by the affirmation by the Court

Appeals of the decisions of this Court, the Receiver is reviewing the "supplemental" claims in light of that decision.

## IV. ASSET ACCOUNTS

Fairway's assets during this reporting period consisted of cash, equity positions in three syndicated loans and the assets acquired through foreclosures on the secured collateral for those loans, a mortgage, and claims against five other persons and/or entities. The current status of these accounts is described below.

### A. Cash

All cash is deposited into a fully collateralized, interest bearing bank account in the name of SBA as Receiver for Fairway Capital Corporation. The Receivership began operations on March 13, 2000, with a zero cash balance. Through the date of the filing of this Fifth Report, Fairway has issued eight (8) Receiver's Certificates for and borrowed from SBA a total of $600,000. As shown on Exhibit A to this Fifth Report, the balance in the Receiver's bank account as of July 31, 2007 was $533,173.32.[3] During this Fifth Reporting Period, receipts from receivership operations totaled $283,834.48. Exhibit A to this Report is a detailed Cash Summary.

### B. Non-Performing Debt Instruments

None during this Fifth Reporting Period.

### C. Real Estate Owned

None during the period of this Fifth Report.

---

[3] The eight (8) Receiver's Certificates were described in detail in Footnote 3 of the Third Report, which is incorporated by reference herein.

## D. Other Assets

1. Roseland Acres Equestrian Center, Inc.

In the Fourth Report, the Receiver reported that the Wallace Capital Corporation ("Wallace") foreclosed its mortgage and security interests to liquidate this working horse farm and equestrian center located in Tiverton, RI on March 29, 2004. The Fairway Receiver was paid its participatory share of the net proceeds, as shown on Exhibit A to this Report. At the termination of the Wallace Receivership, the Fairway Receiver was assigned its duties as the lead lender to pursue any possible collection from Ms. Nancy White, the sole personal guarantor of the loan. This assignment of responsibilities did not add an asset with value to the Fairway Receivership. The Fairway Receiver confirmed that Ms. White does not have any interest in the current ownership of the property. The Receiver will continue to monitor the financial status of Ms. White.

2. Country Crest Place, Cumberland, RI

The history of this asset has also been detailed in the prior Reports. Fairway owns a 5.1% interest in the participation loan. The Moneta Receiver closed on the sale of the secured real property during Fairway's second reporting period. It is continuing to resolve certain accounting issues. Any proceeds remaining after resolution of these issues will be distributed to the participants in the original loan.

3. Rocky Point Amusement Park

The history of this participation loan has been detailed in the prior Reports. Fairway owns a participation interest. The Moneta Receiver, as lead lender, acquired title to the 124 acres of waterfront land on Warwick Neck, Rhode Island at the foreclosure sale of the mortgage on July 29, 2003. In May 2004 the Moneta Receiver and Vanderbilt Capital, LLC ("Vanderbilt") agreed upon the terms of a purchase and sale agreement for Vanderbilt's purchase of the property for $25 million. The Moneta Receivership Court approved the sale by Order dated November 10, 2004. The sale was contingent upon Vanderbilt receiving all of the required permits for the development of the property. The permits were not issued and the parties mutually agreed to rescind their contract.

The Moneta Receiver informed the Fairway Receiver that it has entered into a contract

with another party for the sale and purchase of the property. The Moneta Receiver believes that it will realize a substantial net recovery after payment of senior liens and its costs of marketing from the current contract. The Fairway Receivership is entitled to its *pro rata* share of any net recovery.

4. Hotel on the Cay/Legend Resort, LP, Christiansted, St. Croix, USVI.

The background and history of this portfolio have been described in detail in the prior Reports, and are summarized and restated here only to the extent required for continuity. Hotel on the Cay is a time share resort located on Protestant Cay, an island located in Christiansted Harbor, St. Croix, U.S. Virgin Islands. In 1991, Fairway made a $1.7 million loan to TSA Acquisition, Inc. and Legend Resorts, LP (collectively "Legend"), the operator of the Hotel. Fairway took a security interest in approximately 1,447 unsold time share unit weeks, and in Legend's ground lease with the Virgin Islands Government ("US VI"). After Legend defaulted on the loan in 1993, PSC, now known as Pantheon Enterprises, Inc. ("Pantheon"), foreclosed on the unsold time share units and on the ground lease interest in 1994. Participation Management Corporation ("PMC") ran the daily affairs of Hotel on the Cay commencing in 1994.

In 1996, the US VI filed a debt and eviction action against Legend to recover the leased property, *Government of the Virgin Islands v. Legend Resorts, L.P. v. Participation Services, Inc.*, Civil No. 612/1996, Territorial Court of the Virgin Islands, Division of St. Croix (the "Legend suit"). The Hotel on the Cay Time Share Owners Association ("HOTC") formally incorporated in April 1997 and took over the management of the Hotel on the Cay on June 1, 1997. In June 1998, the US VI and HOTC entered into a Stipulated Settlement which provides that starting June 1, 1998 the US VI recognized HOTC as the lessee and granted it a lease through December 31, 2039 for the two hotel buildings.

HOTC filed suit against PSC, PMC, Fairway, et al. in *HOTC v. Arnold Kilberg, Fairway, et al.*, C.A. No. 97-279T, D.R.I., (the "HOTC suit"). After a bench trial, Judge Torres on April 7, 2000 awarded HOTC judgment against Fairway totaling in excess of $1.3 million. The enforcement of the judgment is stayed by the Fairway Receivership Order. After the inspection of the Hotel properties, the Fairway and the Moneta Receivers determined that in order to market the approximately 1,447 unsold timeshare units in which they have interests, the best course of

action to follow was to enter into an agreement of cooperation with HOTC, and necessarily into a lease control agreement with the US VI. The Fairway Receiver, the Moneta Receiver, and HOTC entered into an Agreement of Co-Operation ("Agreement") on June 24, 2001. The Agreement was approved by the Moneta Receivership Court on July 13, 2001 and by the Fairway Receivership Court on July 25, 2001 (Docket No. 46).

This Court entered its Order April 9, 2002 (Docket No. 71) ordering that all assets recorded in the St. Croix, U.S. VI land records in Pantheon's name be deemed transferred to the Fairway Receivership Estate in the name of the Receiver. Commencing in January 2002, the representatives of the Fairway and the Moneta Receivers met with the former Governor of the U. S. Virgin Islands and/or his representatives on several occasions and presented the Receivers' proposed Lease Control Agreement. However, no action had been taken by the former Governor on the Lease Control Agreement.

As noted in Section III (E), *supra*, the US VI filed its claim in response to the Notice of Claims Bar Date. In pertinent part, it sought the immediate possession of Protestant Cay and the Hotel properties. After hearing, this Court's February 17, 2005 Order (Docket No. 284) denied the US VI's claim for possession, confirmed the validity and enforceability of the Stipulated Settlement effective June 1, 1998, and further confirmed that HOTC is the rightful holder of the leasehold premises until December 15, 2020. This Court also denied the US VI's Objections by its Decision and Order served June 9, 2006 in *USA v. Fairway Capital Corp.*, 433 F. Supp. 2d 226, *supra*, affirmed at 483 F.3d 34, *supra*.

In response to the Receiver's Supplemental Claims Bar Date Notice, the US VI filed its claim against the Fairway alter ego entities. It seeks additional monetary awards for additional unemployment insurance taxes, and reasserted its prior claim for "any portion of that claim not satisfied by Fairway," including its equitable claim for immediate possession of Protestant Cay.

As of the date of this Report, the Receiver has not been able to liquidate any of the time share weeks to which it holds title. The Receiver is continuing its efforts to resolve these assets..

5. <u>Joan Cerilli Residence</u>

Fairway's $1.7 million loan to TSA Acquisition, Inc. ("TSA") and Legend Resorts, LP ("Legend") (see discussion in 4, <u>Hotel on the Cay/Legend Resort, LP,</u> above) was personally

guarantied by Joan Cerilli, among others. Additionally, to secure the repayment of the loan, she gave a junior mortgage on her residence located in Jamestown, RI to Fairway. The loan to TSA and Legend was legally foreclosed upon and reduced to judgment in *Participation Services Corporation v. Legend Resorts, L.P., T.S.A. Acquistion, Inc., Joan Cerilli, et al.*, Civil No. 727/1994, Territorial Court of the Virgin Islands, Division of St. Croix. The Guaranty provided that Joan Cerilli was liable to the Lender for any deficiency after the foreclosure sale. A deficiency remained on the loan after the foreclosure sale.

The beneficiaries of the Estate of Joan Cerilli sold her residence in June 2007. After substantial negotiation, in exchange for a discharge of Fairway's junior mortgage, the Fairway Receiver was paid one-half of the net proceeds of the sale of the residence, $268,164, as shown on the Cash Summary attached as Exhibit A to this Report. The liquidation of Fairway's mortgage on the Cerilli residence is completed.

The Receiver believed that the Discharge of Fairway's junior Mortgage on the Cerilli residence in exchange for the payment received presented the greatest additional recovery at the least cost of both time and money to the Fairway Receivership for liquidating this asset, and was in the best interests of the receivership estate. Notwithstanding the authority granted to the Receiver under Paragraph 5 of the Receivership Order to enter a compromise in the disposition of this asset, the Receiver respectfully requests that this Court approve the compromise settlement in exchange for the Discharge of Fairway's Mortgage on the Cerilli residence.

**E. Claims Against Others.**

The claims which are summarized below were described in detail in the Third Report, to which specific reference is made. They have not been satisfied as of the date of this Fifth Report. In addition to the specific stated amounts identified below, the Receiver filed claims for amounts Arnold Kilberg owes to the Fairway Receivership estate which this Court ultimately determines is owed by Fairway, the Fairway Receiver, or the Fairway Receivership estate to claimants who filed claims in response to the Receiver's Bar Date and Supplemental Bar Date Notices.[4] The

[4] See discussion in Section III (E), Claims Matters, *supra*. The determination of the total amount of claims allowed is pending the disposition by this Court of the 38 claims filed in response to the Notice to All Creditors or Claimants of Acropolis, Pantheon, PMC and Their Subsidiaries, served in accordance with this Court's January 2004 Order directing the Receiver to establish a Supplemental Claims Bar Date, see the discussion in Section VI,

court in *Paul Anjoorian v. Arnold Kilberg, et al.,* C.A. No. 94-1125, RI Superior Court, Providence Co., concluded that Rosedale, Governor, and Hamlet Properties are entities that are part of Arnold Kilberg's common fund, and as such each is liable to the Fairway Receivership estate for all of the amounts owed to it by Arnold Kilberg, including all amounts which this Court determines are owed by the Fairway Receivership estate to Bar Date and Supplemental Bar Date Claimants.

1. Against Arnold Kilberg

*In re: ARNOLD KILBERG*, Debtor, Case No. 04-10632, Chapter 7, US Bankruptcy Court, District of Rhode Island (converted from Chapter 11). On April 25, 2005, the Receiver timely filed its general unsecured proof of claim on behalf of the Fairway Receivership estate in the Chapter 7 proceeding, in the amount of $22,048,502, which embraces all claims which Fairway had at the date of filing against Arnold Kilberg and all of his owned or controlled alter-ego entities. The Bankruptcy Court has not determined the disposition of claims as of the date of preparation of this Report.

2. Against Northeast Capital Corporation ("Northeast Capital")

*Norman J. Bolotow v. Northeast Capital Corporation, et al.,* Providence, RI Superior Court, P.M. No. 03-1199. The Receiver timely filed a general unsecured proof of claim in this state court receivership in the total amount of $697,199 on September 25, 2003, which includes $30,552 owed by Northeast Capital to Fairway as of December 31, 1998 for amounts booked as "Due from Affiliates and Associates." Under a common fund owed by Arnold Kilberg, Northeast Capital owes Fairway the principal amount of $697,199 which he admitted had been improperly taken from Fairway in the form of "Shareholder Loans" and other amounts booked as "Due from Affiliates and Associates," plus interest.[5] (See discussion in Third Report at Footnote 8.)

---

*infra*. The Receiver reserved its right to amend its Proofs of Claim filed in Northeast, Rosedale, Governor, and the Hamlet Properties, LLC receiverships, *supra*. The Receiver anticipates that it will amend each Proof of Claim upon this Court's final disposition of all claims filed in response to the Notice of the Supplemental Claims Bar Date.

[5] The principal amount claimed, $697,199, includes amounts booked as "Shareholder Loans." The total amount claimed after the addition of pre-judgment interest thereon will be credited with the negotiated settlement amounts received from Paul Anjoorian and from Gary, Cheryl, and Jennifer Kilberg (the "Kilberg Children"), in satisfaction of the Receiver's claims against them for recovery of an asset titled "Loans Receivable from Shareholders," which was reported in the Third Receiver's Report.

3. Against Rosedale Properties, LLC ("Rosedale")

*Sovereign Bank v. Rosedale Properties, LLC,* Providence, RI Superior Court, P.M. No. 03-3750. On December 19, 2003, the Receiver timely filed its general unsecured proof of claim in this state court receivership in the total stated amount of $697,199 under the common fund owed by Arnold Kilberg, including $38,915 directly owed by Rosedale.

4. Against Governor Financial Center, LLC ("Governor")

*Sovereign Bank v. Governor Financial Center, LLC,* Providence, RI Superior Court, P.M. No. 03-3749. On December 19, 2003, the Receiver timely filed its general unsecured proof of claim in this state court receivership in the total stated amount of $697,199 under the common fund owed by Arnold Kilberg, including $6,500 directly owed by Governor.

5. Against Hamlet Properties, LLC ("Hamlet Properties")

*US SBA as Receiver of Wallace Capital Corporation v. Hamlet Properties, LLC,* Providence, RI Superior Court, P.M. No. 04-2807. On October 8, 2004, the Receiver timely filed its general unsecured proof of claim in this state court receivership in the total stated amount of $697,199 under the Kilberg common fund, including $45,000 directly owed by Hamlet Properties.

## V. LEGAL ACTIONS

The following summarizes the litigation related to Hotel on the Cay which was still pending during this Fifth Reporting Period.

1. *HOTC Timeshare Association, Inc. v. Arnold Kilberg, Fairway, et al.*, C.A. No. 97-279T, US D.R.I. (the "HOTC suit").

This lawsuit was discussed in detail in the Second Receiver's Report, at Section IV (D) (3) therein and in the Receiver's Recommended Disposition of the initial Bar Date Claims. In his Memorandum and Order entered on April 7, 2000, Judge Torres awarded HOTC Timeshare Association, Inc. ("HOTC") judgments totaling $1,312,860. Enforcement of the judgments was enjoined by the judicial stay contained in the Fairway Receivership Order. Pursuant to the terms of the Agreement of Co-operation entered June 24, 2001 by the Fairway and Moneta Receivers,

and HOTC (see discussion at Section IV(D)(4), *supra*.), for consideration received, HOTC assigned to the Moneta Receiver all of its rights in the civil action and in the Judgment.

HOTC filed its claim for payment of the Judgments. This Court allowed the claim to the Moneta Receiver as Assignee of HOTC in the amount of $400,000 pursuant to an Agreement dated June 24, 2001 between the Moneta Receiver and the Fairway Receiver. In response to the Receiver's Supplemental Claims Bar Date Notice, HOTC filed its claim against the Fairway alter ego entities. It filed a copy of its initial claim with accrued interest added thereon.

2. *Government of the Virgin Islands v. Legend Resorts, L.P. v. Participation Services, Inc.*, Civil No. 612/1996, Territorial Court of the Virgin Islands, St. Croix Division (the "Legend suit")

The (US VI) seeks (1) payment of approximately $1.45 million for unpaid rent, taxes, workman's compensation insurance premiums, and other related penalties and costs; and (2) the immediate possession of Protestant Cay, including the Hotel property. The case was stayed, which remains in effect and this Court has retained jurisdiction of the US VI's equitable and monetary claims and also denied the US VI's Objections by its Decision and Order served June 9, 2006 in *USA v. Fairway Capital Corp*., 433 F. Supp. 2d 226, *supra*, affirmed at 483 F.3d 34, *supra*.

3. *Pantheon Enterprises, Inc. v. Hotel on the Cay Timesharing Association, Inc., et al.*, Civil No. 553/1998, Territorial Court of the Virgin Islands, St. Croix Division

This is an action for debt and foreclosure of mortgage. The court granted defendants' motion to dismiss the Complaint. Pantheon's appeal is pending. The Receiver filed its Notice of Appointment and Stay in April 2000.

Pantheon filed a third action, *Pantheon Enterprises, Inc. v. Hotel on the Cay Timesharing Association, Inc., et al.*, Civil No. 259/1999, an action for intentional interference with contractual relations and for damages against HOTC and its officers and directors. The Receiver filed its Notice of Appointment and Stay in April 2000.

## VI. SUPPLEMENTAL CLAIMS AGAINST THE RECEIVERSHIP ESTATE

This Court's January 2004 Order, *inter alia,* authorized the Receiver to establish a Supplemental Claims Bar Date and procedure for creditors and claimants to file claims against Acropolis, Pantheon and their subsidiaries. March 1, 2005 was established as the Supplemental Claims Bar Date. In response to the mailed and published Notices, the Receiver has received a total of 38 supplemental claims from 34 claimants through the date of this Fifth Report to the Court. As noted in Section III (E), above, several claimants in this Court's first claims bar date submitted similar claims in response to the Supplemental Claims Bar Date Notice.[6] The Receiver is preparing its recommendations for the disposition of each claim which it will file with this Court and serve a copy on each claimant together with its recommendation for a summary procedure by which this Court will be able to expeditiously resolve any disputes by any claimant arising from the Receiver's recommended disposition of its claim.

## VII. RECEIPTS AND DISBURSEMENTS

The Schedule attached as Exhibit A to this Report sets forth Cash Receipts and Disbursements for the current reporting period, August 1, 2006 to July 31, 2007, and from the inception of the receivership through the current period, March 13, 2000 to July 31, 2007.

---

6 This Court further ordered that claims against Acropolis, Pantheon and their subsidiaries accruing prior to March 13, 2000 shall be recoverable from the general estate of Fairway, in the order and priority to be determined by the Court with all other claims previously submitted pursuant to the Court's first claims bar date order. Valid claims accruing on or after March 13, 2000 shall be recoverable only after all other valid claims against Fairway have been satisfied. This Court further stated that the Supplemental Claims Bar Date shall not be deemed to operate as an extension of the August 6, 2001 first claims bar date.

## VIII. CONCLUSION

This Fifth Receiver's Report was prepared by Brian S. Stern, Principal Agent for the Receiver, with accounting information provided by The Riggs Group, PC, CPAs.

Respectfully submitted,
U.S. SMALL BUSINESS ADMINISTRATION,
AS RECEIVER FOR FAIRWAY CAPITAL CORPORATION

Dated: Nov 19, '07

Brian S. Stern, Principal Agent for Receiver
666 Eleventh St., N.W. - Suite 200
Washington, DC 20001
Tel: (202) 272-3604
FAX: (202) 504-2247

RR5

# EXHIBIT A

## SUMMARY OF CASH RECEIPTS AND DISBURSEMENTS

**AUGUST 1, 2006 - JULY 31, 2007**

**and**

**MARCH 13, 2000 – JULY 31, 2007**

SBA, Receiver for FAIRWAY CAPITAL CORPORATION

The schedule below sets forth receipts and disbursements for the periods from 08-01-06 to 7-31-07 and 03-13-00 to 7-31-07, respectively

| | 08-01-06 to 07-31-07 | 03/13/2000 to 07-31-2007 |
|---|---|---|
| 1. Total Cash on Hand at the Beginning of Period | $ 375,451.21 | $ 0.00 |
| 2. Receivership Operations | | |
| A. Receipts from Receivership Operations: | | |
| Payment on Loans: | | |
| American Shipyard Corporation | | 760,220.32 |
| ProRata RE: Participation/Inn at Cape Cod | | 164,547.85 |
| A&R Trucking | | 14,418.44 |
| Sale of Assets: | | |
| 80 America Way | 268,164.00 | 268,164.00 |
| 390 Newport Avenue | | 140,491.28 |
| Roseland Properties | | 138,389.80 |
| Other: | | |
| Anjourian Settlement | | 279,589.33 |
| Shareholders Settlement (Kilberg) | | 274,432.00 |
| Interest Earned from Cash Accounts | 15,670.48 | 45,412.67 |
| Wyndell O. Banks (Settlement) | | 5,447.35 |
| Stephen Gordon(settlement){via U.S.Treasury} | | 1,600.00 |
| Arnold Kilberg/Miscellaneous Credit (Court Fines) | | 100.00 |
| Sovereign Bank (Close of Account) | | 7.53 |
| Total Receipts from Receivership Operations | $ 283,834.48 | $ 2,092,820.57 |
| B. Disbursements from Receivership Operations: | | |
| Legal/Agent Fees | 64,922.37 | 787,094.39 |
| Accounting/Bookkeeping Fees | 40,902.21 | 275,695.20 |
| Rent/Overhead Allocation | 14,313.23 | 154,337.77 |
| Administrative Services | 1,148.27 | 78,821.79 |
| Appraisal/Inspection Fees | | 19,110.00 |
| Investigative/Research/Asset Searches | 688.85 | 18,245.52 |
| Travel | 1,232.32 | 15,273.09 |
| Advertising (Including Bar Date Notice) | | 8,894.64 |
| Real Estate/Municipality Taxes | | 8,891.65 |
| Delivery Services | 59.36 | 6,434.10 |
| Property Insurance | | 5,422.51 |
| Engineering Services | | 5,127.63 |
| Photocopy Fees | 514.65 | 5,084.03 |
| Bank Charges/Trustee Fee | 626.96 | 4,378.48 |
| Deposit For Receivership Office Space | | 4,000.00 |
| Utilities on REO | | 3,693.10 |
| Corporate Taxes | 500.00 | 2,800.00 |
| Record Storage | 1,115.22 | 2,347.43 |
| Property Management Fees | | 2,250.00 |
| Water/Sewer on REO | | 2,247.12 |
| Corporate Compliance | 7.70 | 1,255.88 |
| Telephone Expenses | | 966.09 |
| Pro-rata Share of Receivership Expansion | | 907.66 |
| Hardware/Software: Puchase and Maintenance | | 613.50 |
| Repair/Maintenance on REO | | 519.17 |
| Miscellaneous Expenses | 20.93 | 492.88 |
| Filing Fees | 60.30 | 310.30 |
| Furniture & Equipment | | 100.00 |
| Service of Process | | 81.00 |
| Total Disbursements from Receivership Operations | $ 126,112.37 | $ 1,415,394.93 |
| Net Cash Gain/(Loss) from Receivership Operations | $ 157,722.11 | $ 677,425.64 |
| 3. Distributions: | | |
| Total to Participants RE: ASCLN | $ | $ 744,252.32 |
| 4. Borrowings for Receivership Operations | | |
| Receiver Certificates Obtained from SBA | | $ 600,000.00 |
| Receiver Certificates (Paid) to SBA | | |
| 5. Total Cash on Hand for Period Ended July 31, 2007 | $ 533,173.32 | $ 533,173.32 |